Michael Smith
521 S. Yantic Ave
Bremerton, Washington 98312

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VENICE PI, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JESSE COOPER;<br>WILLIAM ARTH MCMILLIAN JR.;<br>DANIEL BAUSTISTA;<br>JOSEPH OTTOSEN;<br>ESTEBAN OROZPE;<br>EDWARD JILES;<br>MICHAEL SMITH;<br>BILLY JOE GAMBILL;<br>TSIMAFEI SHAPAVAL;<br>FAIMAFILI MIKA;<br>ROBERT BOVITZ; and<br>JONATHAN GARCIA,<br><br>Defendants. | Civil Action No.: 17-cv-1211TSZ<br><br>DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES |

## Answer

Defendant Michael Smith ("Defendant") hereby submits this Answer and Affirmative Defenses to Plaintiff's Venice PI, LLC ("Complaint").

## I. INTRODUCTION

1. Answering the allegations contained in Paragraph I-1 of the Plaintiff's Complaint, Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof.

## II. JURISDICTION AND VENUE

2. Answering the allegations contained in Paragraph II-2 of the Plaintiff's Complaint. Lacks information to respond.

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 1

3. Answering the allegations contained in Paragraph II-3 of the Plaintiff's Complaint. Lacks information to respond.

4. Answering the allegations contained in Paragraph II-4 of the Plaintiff's Complaint, Defendant denies, inference that this defendant committed the acts of infringement generally and specifically contained therein and the whole thereof. Lacks information to respond to the rest.

## III. **PARTIES**

5. Answering the allegations contained in Paragraph III-A-5 of the Plaintiff's Complaint. Lacks information to respond.

6. Admitted.

7. Answering the allegations contained in Paragraph III-A-7 of the Plaintiff's Complaint. Lacks information to respond.

8. Answering the allegations contained in Paragraph III-A-8 of the Plaintiff's Complaint. Lacks information to respond.

9. Answering the allegations contained in Paragraph III-A-9 of the Plaintiff's Complaint. Admitted, but this does not prove the defendant committed copyright infringement. Lacks information to respond.

10. Answering the allegations contained in Paragraph III-B-10 of the Plaintiff's Complaint, Defendant admitted the information provided in exhibit B provides hash value, dates and times, and geolocation. Lacks information to respond to the rest of Exhibit B. Denies inference that subscribers were part of a swarm that infringed on copyrighted work. Plaintiff has submitted no evidence to prove their allegation in Exhibit B. The evidence would have to show that each defendant was using a computer and connected to the internet at the time of the alleged infringement, and that each Defendant was connected at the same time, which Exhibit B expressly does not. Denies that the defendant was the sole party responsible for and in control of ISP address. The Defendant lacks information to respond on the rest of III-B-10.

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 2

11. Answering the allegations contained in Paragraph III-B-11 of the Plaintiff's Complaint, Lacks information to respond.

12. Answering the allegations contained in Paragraph III-B-12 of the Plaintiff's Complaint, Defendant denies, generally and specifically, each and every allegation contained therein Paragraph III-B-12,(a),(b), and (c) and the whole thereof.

13. Answering the allegations contained in Paragraph III-B-13 of the Plaintiff's Complaint, Defendant Lacks information to respond.

14. Answering the allegations contained in Paragraph III-B-14 of the Plaintiff's Complaint, Lacks information to respond.

15. Answering the allegations contained in Paragraph III-B-15 of the Plaintiff's Complaint, Defendant Lacks information to respond.

16. Answering the allegations contained in Paragraph III-B-16 of the Plaintiff's Complaint, Defendant Lacks information to respond.

17. Answering the allegations contained in Paragraph III-B-17 of the Plaintiff's Complaint, Defendant Lacks information to respond.

18. Answering the allegations contained in Paragraph III-B-18- of the Plaintiff's Complaint, Defendant Lacks information to respond.

19. Answering the allegations contained in Paragraph III-B-19 of the Plaintiff's Complaint, Defendant Lacks information to respond.

20. Answering the allegations contained in Paragraph III-B-20 of the Plaintiff's Complaint, Defendant Lacks information to respond.

21. Answering the allegations contained in Paragraph III-B-21 of the Plaintiff's Complaint, Defendant Lacks information to respond.

22. Answering the allegations contained in Paragraph III-B-22 of the Plaintiff's Complaint, Defendant Lacks information to respond.

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 3

23. Answering the allegations contained in Paragraph III-B-23 of the Plaintiff's Complaint, Defendant Lacks information to respond.

24. Answering the allegations contained in Paragraph III-B-24 of the Plaintiff's Complaint, Defendant Admits Comcast as my internet service provider at the time of the alleged infraction. Lacks information to confirm the IP Address, Denies the IP address listed is my current IP address. Admits residence at the location identified but denies, generally and specifically, each and every allegation contained therein and the whole thereof.

25. Answering the allegations contained in Paragraph III-B-25 of the Plaintiff's Complaint, Defendant Lacks information to respond.

26. Answering the allegations contained in Paragraph III-B-26 of the Plaintiff's Complaint, Defendant Lacks information to respond.

27. Answering the allegations contained in Paragraph III-B-27 of the Plaintiff's Complaint, Defendant Lacks information to respond.

28. Answering the allegations contained in Paragraph III-B-28 of the Plaintiff's Complaint, Defendant Lacks information to respond.

## IV. PEER-TO-PEER NETWORKS AND THE BITORRENT PROTOCOL

29. Answering the allegations contained in Paragraph III-B-29 of the Plaintiff's Complaint, Defendant Lacks information to respond.

30. Answering the allegations contained in Paragraph IV-30 of the Plaintiff's Complaint, Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof.

31. Answering the allegations contained in Paragraph IV-31 of the Plaintiff's Complaint, Defendant Lacks information to respond.

32. Answering the allegations contained in Paragraph IV-32 of the Plaintiff's Complaint, Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof.

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 4

## V. <u>COMPUTER FORENSIC IDENTIFICATION OF BITTORRENT</u>

## <u>INFRINGMENT</u>

33. Answering the allegations contained in Paragraph V-33 of the Plaintiff's Complaint, Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof.

34. Answering the allegations contained in Paragraph V-34 of the Plaintiff's Complaint, Defendant denies, specifically the allegations contained therein that any digital copy of an audiovisual work may be uniquely identified by a unique, coded, string of characters called a "hash checksum". the hash checksum is generated by SHA-1 (Secure Hash Algorithm 1), however, SHA-1 (Secure Hash Algorithm 1) has been known to be vulnerable to attacks since 2005. The weakness in a hash function does allow for multiple files to have the same digest, therefor the function is considered cryptographically broken, because digital fingerprints generated with it can be forged and cannot be trusted. The U.S. National Institute of Standards and Technology has banned the use of SHA-1 by U.S. federal agencies since 2010, and digital certificate authorities have not been allowed to issue SHA-1-signed certificates since Jan. 1, 2016. The Plaintiff has failed to prove the integrity of the forensic identification method stated, invalidating the use of such method as valid and or viable evidence. Additionally, The Direct TCP link stated by the plaintiff to have occurred for each defendant's computer has NOT been performed, while the forensic software was used to provide a ISP's IP address, it is not capable of identifying the IP address of a specific computer. The Plaintiff has not provided credible evidence of the Defendant's computers IP address. The Plaintiff obtained an IP addresses for the ISP router, and not for the individual Defendants computer. Defendant denies, an IP address alone reveals the likely general location of the Defendant generally and specifically. Defendant denies, generally and specifically, each and every other allegation contained therein and the whole thereof.

35. Answering the allegations contained in Paragraph V-35 of the Plaintiff's Complaint, the Defendant denies the results of the evidence logs as they do not identify the defendant nor any actual individual

person responsible for copying and distributing the audiovisual work. The Defendant denies that Exhibit B correctly reflects who was using the IP address in include the defendant. The Defendant denies inference that the defendant, stated as the subscriber, was part of a swarm that infringed on copyrighted work. Plaintiff has submitted no evidence to prove their allegation in Exhibit B. The defendant denies the inference that the Defendant distributed, displayed, or performed the copyrighted work. The Defendant admits the information provide as subscript 1, yet continues to deny that such subscriber information is identifiable to who used a specific user or was using the IP address at any given time. The Defendant denies that early discovery identified generally and specifically any Does associated with the IP addresses observed infringing activity in this case. The Defendant denies the evidence provided in Exhibit B the allegation that the Defendant is a part of a swarm. Plaintiff has submitted no evidence to prove their allegation in Exhibit B. Defendant denies, generally and specifically, each and every other allegation contained therein and the whole thereof.

## VI. **JOINDER**

36. Answering the allegations contained in Paragraph VI-36 of the Plaintiff's Complaint, The Defendant denies the inference that the defendant has committed any violation of 17 U.S.C. § 101 *et. seq*, within any specific series of transactions or occurrences. The Defendant denies that the Plaintiff's movie is evidenced by the cryptographic hash value. The Defendant denies that the Defendant is a part of a swarm. The Defendant denies performing any acts in any series of transactions stated by the Plaintiff. The Defendant denies conspiring with others to copy and/or distribute of the motion picture either in the same transaction or occurrence or a series of transactions or occurrences. Defendant Lacks information to respond to the rest.

37. Answering the allegations contained in Paragraph VI-37 of the Plaintiff's Complaint, Defendant Lacks information to respond.

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 6

38. Answering the allegations contained in Paragraph VI-38 of the Plaintiff's Complaint, Defendant Denies the accuracy of the Plaintiffs claim as to the definition and intent of peer-to-peer file sharing. While the Defendant lacks information to respond to the use of peer to peer networks in the manner put forth by the Plaintiff, peer-to-peer file sharing is used in countless applications by big and small business alike. P2P networks currently have a number of different usages such as video conferencing, instant messaging, file sharing, and cloud computing. Microsoft uses peer-to-peer (P2P) communication technology in Windows Communication Foundation to provide a secure and scalable message-based P2P communication channel for applications and file sharing. One example is the Microsoft Cloud, where people and business store and share data. Another common example is a chat room, where a group of people chat with one another in a peer-to-peer manner without servers. P2P is enabled by default on Windows. Companies that have used P2P for instant messaging and video conferencing include Tox, Homer, Zune, Microsoft Live Messenger, and Skype. Skype started based on its own decentralized P2P protocol, which leverages on each user's device as resource for data transfer on the network. In fact, Skype was the first peer-to-peer IP telephony network. P2P is also used frequently in gaming. Companies such as Sony, Microsoft, Nintendo, and Steam use P2P in videogames to connect players and allow them to interact in a common environment. In the Steam P2P Networking game model there is no server: each "peer" instead receives the raw input streams of each other player. The Defendants .denies, generally and specifically, each and every other allegation contained therein and the whole thereof.

39. Answering the allegations contained in Paragraph VI-39 of the Plaintiff's Complaint, Defendant lacks information to respond to any sort of economic model other than that the Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof.

40. Answering the allegations contained in Paragraph VI-40 of the Plaintiff's Complaint, Defendant denies any inference of reward, compensation, or contribution to any enterprise. Defendant denies

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 7

...

participation in the BitTorrent distribution of pirated files and any such conduct to further a model of business profiting from intellectual property theft. Defendant lacks information to respond to the rest.

41. Answering the allegations contained in Paragraph VI-41 of the Plaintiff's Complaint, Defendant denies, that the Defendant was properly joined as the Plaintiff has failed to properly identify the identity of the party to have committed the infringement was the Defendant. Defendant denies Part (a), (b), and (c) generally and specifically each and every allegation contained therein and the whole thereof.

42. Answering the allegations contained in Paragraph VI-42 of the Plaintiff's Complaint, The Defendant lack information to respond.

## VII. Cause of Action – CopyRight Infringement

43. Answering the allegations contained in Paragraph VII-43 of the Plaintiff's Complaint, The Defendant lack information to respond.

44. Answering the allegations contained in Paragraph VII-44 of the Plaintiff's Complaint, The Defendant lack information to respond.

45. Answering the allegations contained in Paragraph VII-45 of the Plaintiff's Complaint, Defendant denies, having Infringed on the Plaintiff's Copyright. The Defendant lack information to respond to the rest.

46. Answering the allegations contained in Paragraph VII-46 of the Plaintiff's Complaint, Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof.

47. Answering the allegations contained in Paragraph VII-47 of the Plaintiff's Complaint, The Plaintiff has failed to provide evidence to support the claims in Paragraph VII-47. Furthermore, the Plaintiff has failed to provide evidence to support how any lack of securing, policing, and protecting of internet services violates the law in any way. Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof.

48. Answering the allegations contained in Paragraph VII-48 of the Plaintiff's Complaint, the Defendant denies the inference that the defendant has committed any violation. Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof.

49. Answering the allegations contained in Paragraph VII-49 of the Plaintiff's Complaint, the Defendant denies the inference that the defendant has committed any violation. Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof.

50. Answering the allegations contained in Paragraph VII-50 of the Plaintiff's Complaint, The Defendant denies the inference that the defendant has committed any violation. Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof. The Defendant lack information to respond to the rest.

51. Answering the allegations contained in Paragraph VII-51 of the Plaintiff's Complaint, The Defendant denies the inference that the defendant has committed any violation. Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof. The Defendant lack information to respond to the rest.

52. Answering the allegations contained in Paragraph VII-52 of the Plaintiff's Complaint, Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof.

53. Answering the allegations contained in Paragraph VII-53 of the Plaintiff's Complaint, The Defendant denies the inference that the defendant has committed any violation. Defendant denies, generally and specifically, each and every allegation contained therein and the whole thereof. Defendant denies that the Plaintiff is entitled to its attorney's fees and cost as this civil action has been brought in bad faith, in respect to this defendant as stated above.

## VIII. Answer to Prayer For Relief

A. Answering the allegations contained in Paragraph VIII-A of the Plaintiff's Complaint, Defendant reaffirms his denial of all allegations in the forgoing paragraphs. Defendant generally and specifically, rejects each and every judgment requested by the Plaintiff therein and the whole thereof.

B. Answering the allegations contained in Paragraph VIII-B of the Plaintiff's Complaint, Defendant reaffirms his denial of all allegations in the forgoing paragraphs. Defendant generally and specifically, rejects each and every judgment requested by the Plaintiff therein and the whole thereof.

C. Answering the allegations contained in Paragraph VIII-C of the Plaintiff's Complaint, Defendant reaffirms his denial of all allegations in the forgoing paragraphs. Defendant generally and specifically, rejects each and every judgment requested by the Plaintiff therein and the whole thereof.

D. Answering the allegations contained in Paragraph VIII-D of the Plaintiff's Complaint, Defendant reaffirms his denial of all allegations in the forgoing paragraphs. Defendant generally and specifically, rejects each and every judgment requested by the Plaintiff therein and the whole thereof.

E. Answering the allegations contained in Paragraph VIII-E of the Plaintiff's Complaint, Defendant reaffirms his denial of all allegations in the forgoing paragraphs. Defendant denies that the Plaintiff is entitled to its attorney's fees and cost as this civil action has been brought in bad faith, in respect to this defendant as stated above. Defendant generally and specifically, rejects each and every judgment requested by the Plaintiff therein and the whole thereof.

F. Answering the allegations contained in Paragraph VIII-F of the Plaintiff's Complaint, , Defendant reaffirms his denial of all allegations in the forgoing paragraphs.

## Demand for Jury Trial

Defendant hereby relies on plaintiff's demand for a jury trial in connection with its compliant.

## Affirmative Defenses

Defendant Michael Smith ("Defendant") hereby submits this Answer and Affirmative Defenses to Plaintiff's Venice PI, LLC ("Complaint").

## I. First Defense
(Comparative Negligence)

The Defendant asserts that the Plaintiff's alleged damages were caused in part by the Plaintiff's own negligence, therefor the Plaintiff recovery should be proportionally diminished by the Doctrine of Comparative Negligence.

## II. Second Defense
(Failure to Mitigate Damages)

The Defendant asserts that the Plaintiff failed to mitigate any damages allegedly sustained. The Plaintiff did not make any attempt to contact the Defendant in direct contradiction to the Plaintiffs assertion in Paragraph III-B-13 of the Plaintiffs Claim.

## III. Third Defense
(Illegality)

Plaintiff's claims are barred due to its own illegality and/or fraud. The Plaintiff illegally asserts that the Identity of the IP address is assigned to a single party and that the Defendant was the sole party responsible for and in control of the IP address. Additionally the Plaintiff improperly states efforts of identification using a computer forensic method that has been known to be defective and since 2005, The digital fingerprints generated with it are unreliable and have not been used in over ten years. The Plaintiff has filed such claims in US district court in hundreds of cases across multiple districts. The US district court has found ownership of an account for service from an ISP does not constitute proof of the identity of the person using it at any given time. The Digital Millennium Copyright Act of 1998, bars such action as holding the operator of a WIFI router responsible for the actions of others using it.

## IV. Fourth Defense
(Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the Doctrine of Unclean Hands.

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 11

## V. Fifth Defense
(Misjoinder)

There is a misjoinder of defendants. The Plaintiff's claim for relief is reliant on the allegations established in paragraph 10 of the complaint. Each Defendant should not be jointly or severally liable for each other and the plaintive should respectively be barred from obtaining any relief on this basis.

## VI. Sixth Defense
(No Infringement)

The piece of Plaintiff's purported work allegedly copied, and represented by hash SHA-1: 0DAE755156B5443042CCEF362948D363E0EABAC9, is not sufficiently original, fixed, or humanly perceptible to be the subject of copyright.

## VII. Seventh Defense
(Estoppel)

Plaintiff's claims are barred by the Doctrine of Estoppel.

## VIII. Eighth Defense
(Ratification)

Plaintiff's claims are barred by the Doctrine of Ratification.

## IX. Nineth Defense
(Barratry)

Plaintiff's claims are barred by the Doctrine of Barratry.

## X. Tenth Defense
(De Minimis non Curat Lex)

Plaintiff's claims are barred by the equitable doctrine that the law does not concern itself with trivial matters (commonly known as de minimis non curat lex).

## **COUNTERCLAIMS**

As Counterclaims against Plaintiff, Defendant alleged as follows.

1) Counterclaim-Plaintiff Michael Smith has been a resident of the state of Washington for nearly 14 years.

2) Counterclaim-Defendant VENICE PI, LLC is the Plaintiff hereunder.

3) The Court has subject matter jurisdiction over these counter claims under 17U.S.C.§ 1391and 28 U.S.C. §1400.

4) Venue is Proper in this District because the Plaintiff has consented to this district and the effects of its unlawful activities are felt in this district.

5) VENICE PI, LLC has filed over 200 lawsuits against John does to date. These lawsuits range from February 2017 to November 2017 and are in multiple districts.

6) Despite the Plaintiffs apparent use of forensic software, the plaintiff has never determined the source of the of the hash data: SHA-1: 0DAE755156B5443042CCEF362948D363E0EABAC9, nor do any of the John Doe cases allege that any of the john does are the original source of the hash piece. Plaintiff has brought no lawsuits making direct accusations against an individual or organization of initially seeding the work to BitTorrent, creating the hash piece.

Plaintiff has brought no lawsuits against any software providers of any aspects of peer-to-peer, nor against any owners or operators of websites where peer-to-peer links to *Once Upon a Time in Venice* can apparently be found. On issue and belief, Plaintiff has issued no takedown notices under the Digital Millennium Copyright Act (DMCA), an act expressly designated to facilitate copyright owners removing infringements of their work from the internet. DCMA takedown notices are a standard part of any legitimate anti-piracy campaign.

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 13

7) In a typical case of alleged piracy, the distribution copyright holder investigates and issues takedown notices to websites indexing the copyright holder's works. The websites are then provided legal safe harbors for taking their subscribers links down where there is no fair use, license, or other reason to retain the link. Those links originate with seeders who initially upload a work. Seeders/peers may be fans of the work, who have a desire to comment and criticize on the work and who might have fair use for the work. The seeders/Peers may also be profiteers operating in violation of the law as the plaintiff alleges.

8) Plaintiff is one of those seeders/peers operating in violation of the law.

9) In the Plaintiff's Complaint ¶10 states the Defendants IP address, assigned by an ISP, was observed by the Plaintiff's investigator Maverickeye (                  ).

10) Maverickeye is a German-based firm                — which claims it can identify the modem IP addresses of those who share unauthorized movies and TV shows using file-sharing technologies such as BitTorrent. According to Maverick Eye UG's website, it is able to provide "world-class surveillance" of intellectual property "within the most prominent peer-to-peer" file-sharing networks on the internet. Using "highly sophisticated software", its "highly trained staff" are then able to identify distribution of their clients' copyrighted material.

11) In Court it was revealed that Daniel Macek didn't hold a university degree but had completed an apprenticeship where he learned the computer programming language Java. It was also revealed that Daniel Macek worked only 40 hours a month at MaverickEye and that the company was a four-person operation. In addition to MaverickEye employing Daniel Macek as technical analyst at Maverick Eye, there is an accountant, a systems administrator, and a chief executive officer who is the main shareholder.

12) Under cross-examination Maverickeye's technical analyst Daniel Macek demonstrated in court that he did not know how to interpret the log files generated by his own company's software, nor could be provide evidence that the logs represented anything. At issue were timestamps in ".pcap" files the

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 14

Maverick Eye system generated that were given as evidence to the court in addition to Excel spreadsheets that made the data easier to read and understand for the purpose of identifying alleged infringers. It was Maverickeye's position that the timestamps in the .pcap files were the times the BitTorrent files when "transmitted" or "transferred" from the alleged infringers. However when shown that their own data was in fact the times of "reassembly" of the BitTorrent traffic data on their own system, Daniel Macek conceded that he did not understand the .pcap [files] in this detail.

13) Daniel Macek under oath also agreed it was "very important" that the time was "precisely accurate" because IP addresses issued to customers often changed, and that If the IP [address] switched midway through one of these transmissions, that would impact the outcome, in direct contradiction to the Plaintiff's claims. The testimony and affidavit provided by Maverickeye by Daniel Macek for the log files and excel spread sheets provided to the Plaintiff in the matter involves Dallas Buyers Club LLC, are similar in format to the ones provided in Exhibit A of the Plaintiff's complaint. The matter involves Dallas Buyers Club LLC, the rights holder to the movie with the same name as the Plaintiff, Voltage Pictures, took internet providers (ISPs) to court to get them to divulge the contact information of 4726 account holders behind the IP addresses they allege shared their movie without authorization on the internet. Dallas Buyers Club LLC, through its parent company Voltage Pictures, the Plaintiff's parent company, tasked Maverick Eye to go on a piracy-hunting expedition that sought to identify who was sharing its movie online. It was revealed under cross-examination that Daniel Macek didn't prepare his own expert witness affidavit, which was instead prepared by the firm involved in the case that is trying to protect its copyright. There were "basic defects" with Daniel Macek's evidence that warranted it rejection.

14) Maverickeye provided Dallas Buyers Club LLC with the IP addresses of alleged infringers. It then contacted ISP's, to divulge customer details. Maverick Eye has admitted in court that it engages in downloading and uploading the alleged copyrighted works and in multiple fillings over several months. Plaintiff admits to becoming part of the swarm freely sharing copyrighted works with others.

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 15

15) Plaintiff's Investigator Maverickeye engaged in uploading and downloading the Plaintiff's copyrighted material as stated in the Plaintiff's claim ₱10, ₱30, ₱31, and ₱32. By participating in the swarm, with full knowledge that the material the Plaintiff's agent Maverickeye was distributing was copyrighted, the Plaintiff consented to distributing Once Upon a Time In Venice on a P2P network because Maverickeye, the Plaintiff's agent, made them self a source for download while connected to the swarm. Maverickeye did this continuously it attempt to collect IP addresses. However if Maverickeye have not participated in the swarm, the alleged infringers would not have potentially infringed making the Plaintiff's claim baseless.

16) Plaintiff is operating this barratrous infringement lawsuit enterprise in the United States with a business license, under multiple LLC names such as Venice PI LLC, Dallas Buyers Club LLC, and Cobbler Nevada LLC, whereas the name is unique to the name of the motion picture (Once upon a time in "Venice", and "Dallas Buyers Club" and "The Cobbler"). In each case the Plaintiff selects venues to file copyright infringement cases based on the past history of its other cases. When the State courts would no longer hear such cases, or proved to have unfavorable outcome the Plaintiff has sought to file the suits in federal disict court. As US district court venues in California and Texas have not provided the Plaintiff with any relief, the Plaintiff is believed to be shopping in the western Washington District using the same flawed filling basis. On information and belief, Plaintiff is paying for the "evidence" in its tables from Maverickeye and has agreed to share proceeds of these matters with Maverickeye and those responsible for creation of the tables. Maverickeye and all of its consultants are not licensed in the state of Washington nor are they in any other state within the United States.

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 16

## COUTERCLAIM COUNT ONE
(Declaration of non-infringement)

17) Defendant repeats all of their Answer, Affirmative Defense's, and Counterclaims as if stated here.

18) Defendant has not infringed any of the Plaintiff's rights to Once Upon a time in Venice and seeks a formal declaration of the same.

## COUNTERCLAIM COUNT TWO
(Abuse of Process)

19) Defendant repeats all of their Answer, Affirmative Defense's, and Counterclaims as if stated here.

20) Plaintiff's lawsuit is an abuse of Process. Plaintiff intends to elicit settlement funds and/or default judgments from defendants, rather than to explicitly prevent infringement of its copyrights. Moreover, plaintiff has developed and engaged a litigation centric business model, whereby Plaintiff tracks BitTorrent sites in order to locate IP addresses, which may lead to a potential copyright infringer, in order to generate income off of the alleged downloads rather than use this as a part of their methodology to stop infringements.

All possible affirmative defenses and counterclaims may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filling of the Defendants Answer, and therefore the Defendant reserves the right to amend its answer to allege additional affirmative defenses and/or counterclaims, if subsequent investigation so warrants.

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 17

THEREFORE, Michael Smith prays for:

a. Dismissal of the Plaintiff's claims with prejudice;

b. An order that the Plaintiff shall be afforded no relief from its complaint herein;

c. A ruling prohibiting the testimony of any Maverickeye representative on the basis of lack of foundation, inequitable conduct, and Daubert principles;

d. For any and all damages suffered by the defendant;

e. For such other and further relief as the Court may deem just.

Dated 11/25/2017

Respectfully submitted,

Michael Smith
521 S. Yantic Ave.
Bremerton, Wa. 98312
*Defendant Pro Se*

DEFENDANT SMITH'S FIRST AMENDED COMPLAINT ANSWER AND AFFIRMATIVE DEFENSES - 18

Retail

UNITED STATES POSTAL SERVICE.

P  US POSTAGE PAID
$9.55

Origin: 98312
Destination: 98101
0 Lb 3.60 Oz
Nov 27, 17
5408420648-11

1005

PRIORITY MAIL 1-Day ®   C028

Expected Delivery Day: 11/28/2017

USPS SIGNATURE TRACKING NUMBER

9510 8154 6091 7331 1124 38



United States Postal Service
SIGNATURE CONFIRMATION™

2301 3460 0000 1654 1853

United States District Court
Western District of Washington
700 Stewart St,
Seattle  Washington 98101

PRIORITY® MAIL
UNITED STATES POSTAL SERVICE
Visit us at usps.com

Label 107R, January 2008

S. YAHNTIC AVE
rton, WA, 98312