Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

VENICE PI, LLC.,

              Plaintiff,

     v.

EDWARD JILES;
MICHAEL SMITH;
BILLY JOE GAMBILL;
TSIMAFEI SHAPAVAL;
FAIMAFILI MIKA;
ROBERT BOVITZ; and
JONATHAN GARCIA,

              Defendants.

Civil Action No. 17-cv-1211TSZ

REPLY IN SUPPORT OF MOTION TO
DISMISS COUNTERCLAIMS AND
STRIKE AFFIRMATIVE DEFENSES

Plaintiff respectfully replies in support of its motion to dismiss Defendant Michael Smith's counterclaims for a declaration of noninfringement and abuse of process for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and further to dismiss or strike all defenses under FRCP 9(b) and/or FRCP 12(f).

**ARGUMENT**

Defendant's overlength opposition does nothing to address the law cited in Plaintiff's original brief. Moreover, Defendant's lengthy criticisms of Plaintiff's claim on the basis of a failure to "prove" its case, or provide an "offer of proof," should, at this initial pleading stage, be

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

given no weight. (See, e.g., Dkt. 49 pp. 3, 4, 5, 10)[1] It is not required at the pleading stage, before discovery or further investigation, that a plaintiff "prove" its case. On the other hand, to survive a motion to dismiss, it is incumbent on Defendant to articulate counterclaims whose factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the non-moving party, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

Defendant's entire response consists of a restatement of generalized defenses to BitTorrent copyright infringement claims, along with an attack—seemingly almost a motion to dismiss Plaintiff's claims (see, e.g., Dkt. 49 p. 8)—against the assertions made in the Amended Complaint. But Defendant has not brought a motion to dismiss, and the present motion is directed solely to whether Defendant states a claim for either counterclaim or his affirmative defenses. That he has failed to do.

While most of Defendant's verbiage is completely nonresponsive to Plaintiff's motion, and is not relevant in the context of a motion to dismiss for failure to state a counterclaim, Plaintiff notes the following:[2]

- Plaintiff has not issued takedown notices. (Id. p. 4) Defendant confuses the DMCA requirements of an ISP with that of an alleged direct copyright infringer. Moreover, BitTorrent plaintiffs have in fact undertaken a substantial effort, in conjunction with ISPs, to provide notification of BitTorrent infringement to subscribers.

---

[1] As this Court is aware, it has requested and Plaintiff has provided substantial evidence addressing the underlying merits of its claim, along with multiple expert reports and evidence such as is available at this early stage of the proceeding, as part of its response to the Court Order to Show Cause. (Dkts. 44-46) Further information has been requested by the Court (see Dkt. 50) and is forthcoming pursuant to such order.

[2] Plaintiff does not rely on these facts for purposes of its motion to dismiss or strike, but offers them as part of Plaintiff's continuing effort to provide the Court with as much information as reasonably possible regarding its claims.

REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM - 2
Civil Action No. 17-cv-1211TSZ
INIP-6-0098P20 RPLYMOTDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

- Plaintiff has not provided notice of the motion picture copyright. (Id. p. 5) Under copyright law, such notice is not required. Nevertheless, a copyright notice is provided not only on DVD/Blu-ray packaging, but on the motion picture credits.

- It is impossible to know beyond a doubt at the initial pleading stage which individual having access to the IP address is responsible for the copyright infringement. (Id. pp. 6, 10-11) However, the investigation possible at the time of pleading confirms a plausible case that the responsible party is the subscriber. (See Dkt. 44, pp. 6-11) And the Ninth Circuit has confirmed that, even if it turns out not to be the case, a plaintiff is entitled, through discovery, to identify the responsible party. *See, e.g., Cottrell v. Unknown Correctional Officers*, 230 F.3d 1366 (9th Cir. 2000) ("The Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint.").

- Infringement could occur via temporary Internet access via ISP "hotspots." (Dkt. 49 pp. 6-7) False. The data is linked specifically to the IP address and port assigned to the identified subscriber, which is different from the IP address and port used with "hotspots." Also, access to "hotspots" is only via the account login information of a subscriber, and associated with their account.

- Plaintiff cites to "parallel conduct" in other cases. (Id. p. 10) The fact that Plaintiff has brought suit against multiple alleged infringers has no bearing on the motion to dismiss Defendant's counterclaims.

- Citation to early dismissal cases. (Id. pp. 11-12) Such cases are based on different pleadings. Recent pleadings similar to those presented in this case have been found adequate to defeat similar motions for dismissal in other cases in this jurisdiction. This claim has survived a number of similar motions to dismiss in this jurisdiction. *See, e.g., Cobbler Nevada v. Hamilton*, 16-cv-1616TSZ Dkt. 84 (July 28, 2016); *QOTD Film v. Does*, 16-cv-371RSL Dkt. 70 (October 11, 2016); *Criminal Prod. v. Winter*, 16-cv-1647RAJ Dkt. 36 (June 29, 2017); *Cook Prod. v. Swanicke*, 16-cv-1884TSZ Dkt. 68) (August 24, 2017); *Criminal Prod. v. Does*, 17-cv-102RAJ (January 8, 2018).

- Citation to BitTorrent infringement advocacy blogs and adult-titled cases are uniformly distinguishable. (Dkt. 49, pp. 11-12) Even if otherwise true, there is no "shame" element involved in non-adult titles asserted by Plaintiff for copyright infringement of its main-stream motion picture.

- Defendant's reference to suit involving a deceased Defendant is irrelevant. (Id. p. 14) This non-issue was addressed in Plaintiff's earlier response. (See Dkt. 44 pp. 11-12)

REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM - 3

Civil Action No. 17-cv-1211TSZ

INIP-6-0098P20 RPLYMOTDismiss

LOWE GRAHAM JONES ₚₗₗc

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

- Plaintiff is required to provide proof of its claims. (Dkt. 49 pp. 14-15) As noted above, Plaintiff has provided substantial evidence addressing the underlying merits of its claim, along with multiple expert reports and evidence such as is available at this early stage of the proceeding, as part of its response to the Court Order to Show Cause. (Dkts. 44-46) Further information has been requested by the Court (see Dkt. 50) and is forthcoming pursuant to such order.

- Plaintiff "admitted to participating in copyright infringement activity by downloading and uploading the material Plaintiff has accused the defendant of infringing." (Dkt. 49 p. 16) This allegation is nonsensical on its face. Plaintiff, owner of the motion picture and copyrights thereto, cannot infringe rights it owns.

- "The Material is not recognizable as the Plaintiff's copyrighted work." (Id.) False. (See, e.g., Dkt. 44 pp. 5-6)

- Plaintiff cannot bring its claim because it is "not stopping sites from offering the material that they are freely admitted to monitoring." (Dkt. 49 p. 19) Defendant's argument is again nonsensical. Plaintiff's inability—despite its continued efforts—to locate and stop the original seeders of infringed copyright media does not excuse other BitTorrent copyright infringement.

- The technology used by Plaintiff is based on "a known failed method of packet tracking (Sha-1)" that "has not been wide spread for over 10 years," and is "easy to fake." (Dkt. 49 pp. 24, 25) This argument is based on (a) old, unsubstantiated allegations, primarily propagated by BitTorrent infringement advocate websites, involving different technology than used by Plaintiff, and (b) is directly rebutted by multiple experts. (See Dkt. 44-46)

**A.    Dismissal of Defendant's Counterclaim for Declaratory Judgment of Noninfringement is Warranted**

Defendant does not deny that his counterclaim is redundant. Plaintiff alleges Defendant infringed on Plaintiff's copyright. Defendant's counterclaim seeks a declaration he has not infringed on Plaintiff's copyright. The counterclaim raises the same factual and legal issues as the complaint. Furthermore, Defendant's counterclaim serves no useful purpose because it does not seek relief beyond the relief Plaintiff seeks in the complaint. Accordingly, a judgment on Plaintiff's complaint will fully resolve the declaratory counterclaim. *See Stickrath*, 2008 U.S. Dist. LEXIS 95127, at *4-5; *Atl. Recording Corp. v. Serrano*, No. 07-CV-1824WJMA, 2007 U.S. Dist. LEXIS 95203, at *4 (S.D. Cal. Dec. 28, 2007). Thus, Defendants' counterclaim is redundant and properly

REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM - 4
Civil Action No. 17-cv-1211TSZ
INIP-6-0098P20 RPLYMOTDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

struck under FRCP 12(b) and (f) as it serves no legitimate purpose other than to improperly burden plaintiffs. *Voltage Pictures, LLC v. Blake*, No. 3:14-cv-1875-AC, 2015 U.S. Dist. LEXIS 169717, at *9 (D. Or. Dec. 17, 2015).

**B.      Dismissal of Defendant's Counterclaim for Abuse of Process is Warranted**

All Defendant can restate is his opinion that the sheer number of cases indicates that "Plaintiff intends to elicit settlement funds and/or default judgments from defendants, rather than to explicitly prevent infringement of its copyrights." (See Dkt. 49 p. 17) But the law is very clear:

> An ulterior motive or a bad intention in using the process is not alone sufficient, the bad intent must have culminated in the abuse, for it is the latter which is the gist of the action. An action for abuse of process cannot be maintained where the process was employed to perform no other function than that intended by law. Thus the mere issuance of process is not actionable as an abuse of process; there must be use of the process, and that use must of itself be without the scope of the process, and hence improper. Or stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do.

*Batten v. Abrams*, 28 Wn. App. 737, 746-47 (Wash. Ct. App. 1981).

Defendant's wild accusations are wholly false about the merits of or motives for Plaintiff's copyright enforcement efforts. This has been described in detail in Plaintiff's original and amended complaints, and further substantiated by the law, investigators, experts and Plaintiff itself in submits reports and declarations. (See, e.g., Dkts. 1, 6, 17 and 44-46). Even though an ulterior motive or bad intention in bringing suit is legally insufficient to make out the claim, Plaintiff's motives and intentions are fully proper and justified—an effort to stem the tide of piracy that is plaguing the motion picture industry specifically, and electronic media industries in general. Plaintiff seeks not only financial redress for such infringement, but also to enforce its federal copyrights though injunctive relief and destruction of infringing materials—in other words, efforts to stop infringement. Plaintiff files its lawsuits, seeks discovery as permitted by the Court, and

REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM - 5
Civil Action No. 17-cv-1211TSZ
INIP-6-0098P20 RPLYMOTDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

remedies as authorized by law. There is absolutely nothing improper in its course of action, and no legal or factual basis for Defendant's abuse of process claim.

But regardless of the merits of Plaintiff's case or its undeniable good faith pursuit of enforcement of its federal copyright, the law is clear—this Court has previously held that attempts to settle a case, even a frivolous case, cannot form the basis of an abuse of process claim. *Raima, Inc. v. Myriad France, SAS*, No. C12-1166JLR, 2012 U.S. Dist. LEXIS 176245, at *10 (W.D. Wash. Dec. 11, 2012). Defendant does not and cannot refute this authority of its application to the counterclaim at bar. In *Raima*, the Court concluded that under Washington law, plaintiff did not state a claim for abuse of process merely by alleging that defendant offered to settle what plaintiff regarded as a frivolous claim. The Court granted defendant's motion to dismiss the abuse of process claim with prejudice. *Accord Wallace v. Mercantile Cnty. Bank*, 514 F. Supp. 2d 776, 793 (D. Md. 2007) (explaining that there can be no abuse of process for simply seeing a lawsuit through to its "authorized conclusion," and that attempting to negotiate a settlement is merely carrying a suit through to its "authorized conclusion"); *THI of New Mexico at Valle Norte v. Harvey*, 802 F. Supp. 2d 1257 (D.N.M. 2011) (concluding that attempts to settle a case are not acts that are improper in the regular prosecution of proceedings).

Accordingly, and for the same reasons set forth in *Raima*, Plaintiff submits that Defendant's abuse of process counterclaim should be dismiss with prejudice.

### C.   Defendant's Affirmative Defenses Should be Stricken

Plaintiff moves to strike all of Defendant's affirmative defenses as insufficient or immaterial. Contrary to Defendant's assertion, the majority of other district courts in this circuit also apply the *Twombly* and *Iqbal* plausibility requirements to affirmative defenses. *See, e.g., Hayden v. United States*, 2014 U.S. Dist. LEXIS 181251, at *6 (D. Or. Jan. 26, 2015); *Voltage Pictures*, 2015 U.S. Dist. LEXIS 169717, at *16-17; *Wheeler v. Wells Fargo Home Mortg., Inc.*, 2015 U.S. Dist. LEXIS 180864, at *4 (W.D. Wash. Mar. 6, 2015) (an affirmative defense must be

REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM - 6
Civil Action No. 17-cv-1211TSZ
INIP-6-0098P20 RPLYMOTDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 ● F: 206.381.3301

pled in such a way that plaintiffs have "fair notice" of the defense, which generally requires that defendants state the nature and grounds for the affirmative defense). Accordingly, an affirmative defense must give notice of the nature of the defense and provide a plausible factual basis for the defense.

Plaintiff asserts that Defendant's affirmative defenses either are either insufficiently pleaded to provide fair notice of the defense under FRCP 8(c), insufficiently pleaded with particularity under FRCP 9(b), or legally invalid. Defendant relies heavily on *E & J Gallo Winery v. Grenade Bev. LLC*, No. 1:13-cv-00770-AWI-SAB, 2014 U.S. Dist. LEXIS 20613, at *4 (E.D. Cal. Feb. 18, 2014) in support of many of his affirmative defenses. But the case only supports the law set forth above, generally, regarding evaluation of affirmative defenses, and Defendant has failed to state how it would be applicable, let alone dispositive, in this case. Indeed, the *E & J Gallo* Court in fact granted the motion to strike several of the asserted affirmative defenses, many for the same reasons articulated in Plaintiff's motion.

### 1.    *Comparative negligence*

Defendant fails to identify any plausible factual basis for the defense that Plaintiff is in any way responsible for copyright infringement of its motion picture. Defendant fails to establish, even if true (which it is not) that participating in the "swarm" involving copying or distribution of its own motion picture, or failing to issue inapplicable DMCA take-down notices, could ever prove the affirmative defense. Again, even if true (which it is not), there is no requirement for Plaintiff to either (a) avoid exercise of its own copyrights, or (b) issue take-down notices to non-ISPs or individual infringers to present its copyright claims. There is no basis under law or fact for this affirmative defense, and therefore it fails to meet the required standard and should be stricken.

### 2.    *Failure to mitigate damages*

Defendant fails to identify any plausible factual basis for the defense that Plaintiff is in any way responsible for copyright infringement of its motion picture. Defendant fails to establish, even

REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM - 7
Civil Action No. 17-cv-1211TSZ
INIP-6-0098P20 RPLYMOTDismiss

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

if true (which it is not) that participating in the "swarm" involving copying or distribution of its own motion picture, or failing to issue inapplicable DMCA take-down notices, could ever prove the affirmative defense. Again, even if true (which it is not), there is no requirement for Plaintiff to either (a) avoid exercise of its own copyrights, or (b) issue take-down notices to non-ISPs or individual infringers to present its copyright claims. There is no basis under law or fact for this affirmative defense, and therefore it fails to meet the required standard and should be stricken.

### 3.   *Illegality*

Defendant alleges "illegality and/or fraud." Defendant's defense is improper for failure to comply with the heightened pleading requirements for allegations of fraud under either the Rule 9(b) or Rule 8 standard. Defendant's illegality and/or fraud defense does not include a factual basis. *See Hayden*, 2014 U.S. Dist. LEXIS 181251, at *6 (requiring a factual basis for affirmative defenses). While Defendant challenges the underlying merits of Plaintiff's copyright infringement claims, he utterly fails to articular any basis for "illegality and/or fraud" by Plaintiff in bringing its claim.

### 4.   *Unclean hands*

Defendant fails to offer any support of his unclean hands defense, which also fails under either Rule 9(b) or Rule 8. An unclean hands defense requires plausible allegations of inequitable conduct relating to the subject matter of this action. *See Voltage Pictures*, 2015 U.S. Dist. LEXIS 169717, at *18 (requiring a factual basis for affirmative defenses); *Republic Molding Corp. v. B. W. Photo Util.*, 319 F.2d 347, 349 (9th Cir. 1963) (stating criteria for unclean hands defense). Uncleans hands requires a party have specific facts at the initiation of the litigation and is not "a search warrant authorizing the defendant to probe into all the possible types of inequitable conduct." *Pom Wonderful LLC v. Welch Foods, Inc.*, 737 F.Supp.2d 1105, 1109 (C.D. Cal., 2010). Defendant's unclean hands defense does not include a factual basis.

REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM - 8
Civil Action No. 17-cv-1211TSZ
INIP-6-0098P20 RPLYMOTDismiss

LOWE GRAHAM JONES ₚₗₗc

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### 5.      Misjoinder

Plaintiff has not alleged that defendants joined in the case are "jointly or severally liable" for each other's copyright infringement. To the contrary, Plaintiff has alleged that each Defendant is separately liable for their own separate copying of Plaintiff's motion picture. (See, e.g., Dkt. 17 ¶ 10). Accordingly, Defendant fails to state a plausible factual basis for misjoinder.

In his opposition brief, Defendant suggests for the first time a different defense, namely, improper joinder. This was not properly plead. In addition, this issue was addressed in detail in Plaintiff's Amended Complaint. (Dkt. 11, ¶¶ 30-36).

### 6.      No infringement

As noted above, an affirmative defense must give notice of the nature of the defense and provide a plausible factual basis for the defense. Defendant fails to identify any plausible factual basis for the defense of no infringement, and is redundant for the same reasons as set forth in Plaintiff's motion to dismiss Defendant's declaratory judgment counterclaim.

### 7.      Estoppel

Again, Defendant merely states a defense name, but utterly fails to provide any factual basis for such a defense, let alone a plausible one. Specifically, Defendant utterly fails to allege facts supporting any element of estoppel, *see Matheny v. UnumProvident Corp*., 594 F. Supp. 2d 1212, 1221 (E.D. Wash. 2009), and cannot do so. In his opposition, Defendant fails to offer any further basis for the defense.

### 8.      Ratification

Defendant argues a new basis (not present in his answer) for ratification, namely, that "[o]ne of the Plaintiff's agents violated the law by participating in a swarm and uploading and downloading material they knew are believed to be copyrighted works." (Dkt. 49 p. 26) Again, the argument that Plaintiff's use of its own copyrighted motion picture in any way violates the law is objectively frivolous, and cannot form the basis for the affirmative defense. Defendant utterly fails

REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM - 9
Civil Action No. 17-cv-1211TSZ
INIP-6-0098P20 RPLYMOTDismiss

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

to provide any factual basis for such a defense, let alone a plausible one, or any necessary element of agency, and the affirmative defense should be stricken. *See Fed. Deposit Ins. Corp. v. Crosby*, 774 F. Supp. 584, 587 (W.D. Wash. 1991) (granting motion to strike affirmative defense of ratification).

### 9.      Barratry

Defendant cannot rebut the fact that the Court has held that there is no legal claim for "barratry" in Washington. *Wells Fargo Bank, N.A. v. Genung*, 2013 U.S. Dist. LEXIS 164013, at *19-20 (W.D. Wash. Nov. 18, 2013).

### 10.      De minimis non curat lex

As noted above, an affirmative defense must give notice of the nature of the defense and provide a plausible factual basis for the defense. Defendant merely states a defense name (here de minimis non curat lex), but utterly fails to provide any factual basis for such a defense, let alone a plausible one.

Moreover, while a Latin phrase, Plaintiff is not aware of any recognized legal defense of de minimis non curat lex (the law does not concern itself with trifles). *See United States v. W. Processing Co.*, 734 F. Supp. 930, 936 (W.D. Wash. 1990). And even if there were, Defendant fails to articular any necessary element of such a claim.

Defendant admits that he lacks the basis to make virtually all of the allegations set forth in his counterclaims and affirmative defenses. (Id. p. 16) For the reasons set forth above, Plaintiff respectfully requests that Defendant's counterclaims be dismissed and his affirmative defenses stricken pursuant to Rules 12(b)(6), 12(f) and/or 9(b).

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

RESPECTFULLY SUBMITTED January 12, 2018.

2

s/ David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com

3

LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800

4

Seattle, WA 98104
T: 206.381.3300

5

6

*Attorneys for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM - 11
Civil Action No. 17-cv-1211TSZ
INIP-6-0098P20 RPLYMOTDismiss

LOWE GRAHAM JONES<sub>PLLC</sub>

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, and as follows via U.S. Mail:

Michael Smith
521 S. Yantic Ave
Bremerton, WA 98312

s/ David A. Lowe

REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM - 12
Civil Action No. 17-cv-1211TSZ
INIP-6-0098P20 RPLYMOTDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301