Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VENICE PI, LLC,<br>   Plaintiff,<br> v.<br>SEAN O'LEARY JR., et al.<br>   Defendants. | Civil Action No. 17-cv-988TSZ |
| VENICE PI, LLC,<br>   Plaintiff,<br> v.<br>JONATHAN DUTCZAK, et al.<br>   Defendants. | Civil Action No. 17-cv-990TSZ |
| VENICE PI, LLC,<br>   Plaintiff,<br> v.<br>MARTIN RAWLS, et al.<br>   Defendants. | Civil Action No. 17-cv-991TSZ |
| VENICE PI, LLC,<br>   Plaintiff,<br> v.<br>INA SICOTORSCHI, et al.<br>   Defendants. | Civil Action No. 17-cv-1074TSZ |

DECLARATION OF DAVID A. LOWE - 1

INIP-6-0088P18 DEC_DAL



LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| VENICE PI, LLC,<br>      Plaintiff,<br>   v.<br>GREGORY SCOTT, et al.<br>      Defendants. | Civil Action No. 17-cv-1075TSZ |
| VENICE PI, LLC,<br>      Plaintiff,<br>   v.<br>YELENA TKACHENKO, et al.<br>      Defendants. | Civil Action No. 17-cv-1076TSZ |
| VENICE PI, LLC,<br>      Plaintiff,<br>   v.<br>CELINA POTTER, et al.<br>      Defendants. | Civil Action No. 17-cv-1160TSZ |
| VENICE PI, LLC,<br>      Plaintiff,<br>   v.<br>TONJA LAIBLE, et al.<br>      Defendants. | Civil Action No. 17-cv-1163TSZ |
| VENICE PI, LLC,<br>      Plaintiff,<br>   v.<br>VICTOR TADURAN, et al.<br>      Defendants. | Civil Action No. 17-cv-1164TSZ |

DECLARATION OF DAVID A. LOWE - 2
INIP-6-0088P18 DEC_DAL

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| VENICE PI, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE COOPER, et al.<br><br>    Defendants. | Civil Action No. 17-cv-1211TSZ |
| VENICE PI, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JASMINE PATTERSON, et al.<br><br>    Defendants. | Civil Action No. 17-cv-1219TSZ |
| VENICE PI, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID MEINERT, et al.<br><br>    Defendants. | Civil Action No. 17-cv-1403TSZ |

I, David A. Lowe, declare as follows:

1. I am counsel for Plaintiff. I make this declaration on person knowledge, and confirm that all exhibits are true and accurate copies of the referenced documents.

2. In its January 8, 2018 Minute Order, citing a number of unrelated cases in different jurisdictions, the Court stated:

> The Court has recently become aware that [Daniel] Arheidt is the latest in a series of German declarants (Darren M. Griffin, Daniel Macek, Daniel Susac, Tobias Fieser, Michael Patzer) who might be aliases or even fictitious. . . . Plaintiff will not be permitted to rely on Arheidt's declarations or underlying data without explaining to the Court's satisfaction Arheidt's relationship to the above-listed declarants and producing proof beyond a reasonable doubt of Arheidt's existence.

(Dkt. 32, n. 2)

DECLARATION OF DAVID A. LOWE - 3

INIP-6-0088P18 DEC_DAL

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

3.      Mr. Arheidt is a very real person. I have spoken with him in real time on Skype and he has submitted numerous declarations. Submitted herewith is another Declaration of Daniel Arheidt, confirming beyond a reasonable doubt his name and existence.

4.      To the best of my recollection and investigation, apart from Mr. Arheidt, Daniel Macek has been the only other investigator used to verify infringement detection data by Plaintiff or any of the plaintiff's I have represented in this jurisdiction since our firm started handling these cases in July 2014. Accordingly, none of the others are relevant to these cases.

5.      Nevertheless, to assure the Court there is no merit to the numerous conspiracy theories, undersigned has undertaken to locate and provide proof that Darren Griffin, Daniel Macek, Daniel Susac, Tobias Fieser and Michael Patzer are not aliases or fictitious individuals. To the best of my understanding and investigation, all have been involved to varying degrees in providing work for various infringement detection companies over the past many years, albeit for different companies that are involved in this case, in different jurisdictions and for different plaintiffs working with different counsel.

6.      I have personally viewed copies of the governmentally issued identification for Daniel Arheidt, Daniel Susac and Tobias Fieser. A copy of Mr. Arheidt's legal form of identification is in my possession and can be submitted directly to this Court upon request for an *in camera* inspection. The government issued identification of Mr. Susac and Mr. Fieser—who are not involved in these cases in any way—are also available for submission to the Court for *in camera* review, as may be requested. Photographic and testimonial evidence confirming the name and existence of Messrs. Macek and Patzer are also provided. See in more detail the information provided below.

**Darren Griffin:**

7.      I understand that Mr. Griffin is an individual who worked briefly for Crystal Bay Corporation in the 2012-2013 to verify infringement detection data licensed from Excipio. As explained in the Supplemental Declaration of Ben Perino, Excipio is a company to which parts of

DECLARATION OF DAVID A. LOWE - 4

INIP-6-0088P18 DEC_DAL

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

the GuardaLey infringement detection system were outsourced in the 2012-2015 time period (see ¶ 16), and which in turn licensed the technology to others, believed to have included Crystal Bay. I have no personal knowledge about Crystal Bay, and never worked with that entity. The only information I can glean from that entity is obtained from the South Dakota Secretary of State website, attached as Exhibit A, which indicates that the entity was formed in March 2012 and ceased existence in or around March 2015.

8. Mr. Griffin apparently verified infringement detection data and submitted a number of declarations in various jurisdictions confirming the data, similar to what has been done in these cases by Mr. Arheidt. But I have never met or worked with Mr. Griffin and, to the best of my knowledge and investigation, have never submitted a declaration from him in any case in this jurisdiction.

**Daniel Macek:**

9. As further confirmed in the Supplemental Perino Declaration, Mr. Macek used to work for both MaverickEye and IPP International UG, another licensee of GuardaLey's system. (see ¶ 21) However, he no longer works for either company. To my understanding, this is because in 2016 he accepted a new offer of employment from a third-party company that is unrelated to this matter or any kind of antipiracy service.

10. Mr. Macek personally testified in the Federal Court of Australia in 2015 in an antipiracy case titled *Dallas Buyers Club LLC v. iiNet Limited*, [2015] FCA 317. The court therein discussed Mr. Macek's testimony at length in the opinion available at http://www.judgments.fedcourt.gov.au/judgments/Judgments/fca/single/2015/2015fca0317, last accessed February 1, 2018. Mr. Macek was also photographed by *The Sydney Morning Herald* as part of an article published February 18, 2015:

DECLARATION OF DAVID A. LOWE - 5

INIP-6-0088P18 DEC_DAL

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301



Source: http://www.smh.com.au/digital-life/digital-life-news/pirate-hunter-daniel-maceks-evidence-integrity-under-fire-in-australian-landmark-web-piracy-case-20150217-13hlnd.html, obtained February 1, 2018.

11. Noteworthy, the Australian court was critical of the negative press report about Mr. Macek's testimony, and concluded that nothing in Mr. Macek's testimony reflected poorly on Mr. Macek and did not otherwise come close to providing a credible challenge to the testimony he provided in that case:

> 20. There is some important background to this exchange. First, Mr Macek is from Stuttgart and whilst I am satisfied that he spoke quite good English it was certainly not his first language. Secondly, the usual way affidavits are prepared involves an iterative process which starts with a conference between the witness and the lawyers during which the witness's account is elicited. After this conferral a draft is provided to the witness for approval or amendment.
>
> 21. When these matters are brought to account there is nothing especially surprising in the answers given by Mr Macek. They are exactly the answers one would expect to get. The matter would only become more interesting if the cross-examiner had sought to drill down into the process by which the affidavit had been prepared with a view to showing that the witness's evidence was not his own. In this case, the cross-examination began that process by suggesting to Mr Macek that he was willing to sign anything put in front of him, but this was a proposition that Mr Macek denied. The cross-examiner then sought to have Mr Macek agree that he had signed it without making any changes, which Mr Macek could not recall.
>
> 22. What does this show? **It shows nothing which reflects poorly on Mr Macek's credit and it does not come close to demonstrating that Mr Macek's evidence**

DECLARATION OF DAVID A. LOWE - 6

INIP-6-0088P18 DEC_DAL

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

> **was not his own.** The inevitability of this conclusion was underscored by the fact that in final submissions, Mr Lancaster SC, who appeared for the ISPs, did not submit that this aspect of Mr Macek's evidence had any impact on whether this Court should accept his evidence.
>
> 23. **I have spent some time explaining the status of Mr Macek's evidence because the press coverage it attracted was quite negative. However, as these reasons will hopefully show, that criticism was ill-informed: it was true that Mr Macek was unable to answer the ISPs' questions about Maverik Monitor when the only real question to my mind – still unanswered – was why the ISPs were asking Mr Macek about these matters and not the expert witness, Dr Richter; further, a sober reading of what Mr Macek said about the preparation of his affidavit reveals nothing improper and, indeed, the contrary was not ultimately suggested. In short, the cross-examination of Mr Macek was largely of entertainment, as opposed to forensic, value.** I mean no criticism of Mr Lancaster in making these observations. Indeed, given the imposing nature of Dr Richter's evidence it was plain that asking her questions was not likely to end well for the ISPs. In the circumstances, attempting to undermine Mr Macek's credit was the most plausible tactic. Be that as it may, it has not succeeded. Mr Macek is entitled to have that recorded.

http://www.judgments.fedcourt.gov.au/judgments/Judgments/fca/single/2015/2015fca0317

(emphasis added).

**Daniel Susac:**

12. As noted above, I have personally seen a copy of the governmentally issued identification for Mr. Susac. To the best of my understanding and investigation, Mr. Susac is an individual providing infringement detection verification services that has worked for Excipio for a number of years, and continues to work for Excipio to this date on a part time basis. But I have never met or worked with Mr. Susac and, to the best of my knowledge and investigation, have never submitted a declaration from him in any case in this jurisdiction.

**Tobias Fieser:**

13. As noted above, I have personally seen a copy of the governmentally issued identification for Mr. Fieser. As further confirmed in the Supplemental Declaration of Benjamin Perino, in addition to working for GuardaLey, Mr. Fieser currently works for IPP International UG, another licensee of GuardaLey's system, on a part-time basis. (see ¶ 21) But I have never met

DECLARATION OF DAVID A. LOWE - 7

INIP-6-0088P18 DEC_DAL

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

or worked with Mr. Fieser and, to the best of my knowledge and investigation, have never submitted a declaration from him in any case in this jurisdiction.

14. Mr. Fieser testified in person before the Honorable Judge Baylson in the Eastern District of Pennsylvania on June 10, 2013. *See Malibu Media, LLC v. John Does 1,6,13,14 and 16*, Case No. 12-cv-2078, Dkt. 205 (E.D. Pa. June 28, 2013). He was also granted leave to telephonically appear before the Honorable Judge Dinsmore in the Southern District of Indiana on April 30, 2015. *See Malibu Media, LLC v. Kelley Tashiro and N. Charles Tashiro*, 1:13-cv-00205-WTL-MJD (S.D. Ind. 2015).

**Michael Patzer:**

15. As further confirmed in the Supplemental Declaration of Benjamin Perino, Mr. Patzer worked as an independent consultant for Excipio during the 2012-2015 time period when GuardaLey used Excipio's system. By 2015, after Mr. Perino had redesigned and created GuardaLey's new infringement detection system, which was ready to collect infringement data, and GuardaLey terminated its licensing agreement with Excipio, it ceased consulting with Michael Patzer. (see ¶¶ 16, 19)

16. Mr. Patzer testified in person before the Honorable Judge Baylson in the Eastern District of Pennsylvania on June 10, 2013. *See Malibu Media, LLC v. John Does 1,6,13,14 and 16*, Case No. 12-cv-2078, Dkt. 205 (E.D. Pa. June 28, 2013). He was also granted leave to telephonically appear before the Honorable Judge Dinsmore in the Southern District of Indiana on April 30, 2015. *See Malibu Media, LLC v. Kelley Tashiro and N. Charles Tashiro*, 1:13-cv-00205-WTL-MJD (S.D. Ind. 2015). He most recently testified in person before the Honorable Judge Steven I. Locke in the Eastern District of New York on April 20, 2016. *See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 98.116.160.61*, Case No. 15-cv-3504, Dkt. 34-1 (E.D.N.Y. June 3, 2016).

17. In Mr. Patzer's testimony before the Honorable Judge Locke in New York, he specifically provided expert testimony, pertaining to the analogous investigative software used by

DECLARATION OF DAVID A. LOWE - 8

INIP-6-0088P18 DEC_DAL

LOWE GRAHAM JONES ᴘʟʟᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Excipio, addressing the "false positive" issue raised by this Court, in distinguishing the modern investigative technology that uses direct monitoring from the indirect detection technology historically used and often referenced by defense counsel. (see pp. 30-48, in particular pp. 39-45) Mr. Patzer further testified about the Bitfield value confirming the amount of the copyrighted motion picture that was downloaded and made available for distribution. (see pp. 91-96) Attached as Exhibit B is a copy of the relevant portions of the testimony.

18. Attached as Exhibit C is a copy of the Court's Entry of Defendant's Motion for an Order to Show Cause in *Malibu Media, LLC v. Kelley Tashiro and N. Charles Tashiro*, 1:13-cv-00205-WTL-MJD (S.D. Ind. May 9, 2014).

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED February 5, 2018.

                                                s/David A. Lowe, WSBA No. 24,453

DECLARATION OF DAVID A. LOWE - 9

INIP-6-0088P18 DEC_DAL

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, and to all Defendants at their last known address via U.S. mail.

s/ David A. Lowe

DECLARATION OF DAVID A. LOWE - 10

INIP-6-0088P18 DEC_DAL

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301